at all. Oral argument, 15 minutes for plaintiff, 15 minutes to be shared by defendants. Mr. Smith for the appellate. Good morning, your honors. I'm Scott Smith for the appellate, Aaron Rose. This is our appeal of the denial of a motion to reopen a case which concerned tax foreclosure when there was a substantial amount of equity in the case. Since the time we brought the motion, about every argument, every argument the defendants had against its reopening have basically been eviscerated by Sixth Circuit precedent. How about the original taking claim that our court has now ruled in your favor could have and should have been brought in the state court case. I think it maybe was in the circuit court, but I don't think it was brought to the Michigan Court of Appeals. But why, I mean, how did the precedent take away the defense of raised judicata? Your question is directed at perhaps the only lone argument that there might be some question about and I think it relates to a factual error and interpretive error. Factual error, I think he said. What's the factual error? Okay, so the factual error is that the state court case was ruled on the merits. If you read Judge Jarboe, who's now a federal district court judge, who wrote the opinion, it was very clear that she said that she had no subject matter jurisdiction and no standing on the case. That was her decision on July 1st, 2018, which is part of this record. And if you read that case, she said some other things, but the premise of her decision is that Ms. Rose was challenging a state tax foreclosure in Michigan, the judgment. And actually, I think you're confusing raised judicata with collateral estoppel. Collateral estoppel is when issues are actually ruled upon in a prior case. Raised judicata is a broader concept and it applies to issues that could have been raised, should have been raised, and could have been ruled upon. But you have a decision that is with prejudice, a judgment that's a final judgment. And I think the basis of the judgment is not critical for the case. So the basis for them dismissing the case with prejudice in state court, to me, is kind of irrelevant. My whole problem is, I think, you went to state court, you originally raised the takings claim, then you abandoned it at the Michigan Court of Appeals. You did not appeal to the Michigan Supreme Court. Instead, you ran to federal court and you brought the same claims again. I mean, you went to a different forum, raising the same things that should have been and could have been decided in state court. And now you have a motion for relief of judgment, a 60B motion, which is only to be granted in extraordinary circumstances. And I'm just not sure it qualifies under 60B, that's all, when you really should have stayed in state court and appealed all the way to the Michigan Supreme Court. Well, if I can make two points that are most salient, is that first of all, I believe you have to analyze this. There's two concepts to analyze what occurred in the state court. First of all, there's a distinction between attacking the judgment of foreclosure and asking for relief on the Fifth Amendment claims. One, in the Eastern District, about seven months ago, there was a case involving similar subject matter tax foreclosures, Palethora versus Wayne County. And Judge Parker, I mentioned this in the briefs, analyzed the same argument was made that since there was a judgment of foreclosure in the state circuit court, the court of original jurisdiction, that there was a race judicata and collateral estoppel issue. The court clearly said you have to make the dichotomy between attacking the judgment of foreclosure. That just changed the title. It did not... And so you're making that distinction between the foreclosure by the government and the ultimate sale. But I think circumstances perhaps have overtaken the argument in this case. In looking at the appeal in April of 2019, the Michigan Court of Appeals determined that an untimely appeal would not be allowed because of lack of merits on the grounds presented, which is a merits determination. Then if we fast forward to where we are now, have you had an opportunity to look at the Hall versus Meissner case that was published, I think, on October 13? Yes, of course, I'm counsel on that case. Yes, which... Oh, you are? Well, good job, because that case really addressed the issues that are your concerns, the fairness in these foreclosure matters. The published case took up your argument and found that there's a takings claim, correct? Correct. But the unpublished part of the case found that there was in fact an enforcement problem based on res judicata. Why doesn't the unpublished opinion in Hall foreclose your client? Well, okay, first of all, the unpublished decision said that they were analyzing each particular circumstance. So focusing on the particular circumstance in the Rose case, first of all, all she wanted, they never considered her constitutional claim, and it was impossible to, at the time, to address her constitutional claim. And the way... It was impossible? I'm sorry. I didn't mean to... You know, you didn't appeal in the state court and you didn't appeal in the And it seems to me that pursuing your remedies along the way might have put Ms. Rose in the same position as the Hall plaintiff, but regretfully, she's not in the same position because of the procedural developments along the way. To answer the prior question, which leads into your question, at the time that she brought her first case, it was very clear in Michigan that you only had an appeal of a due process argument. That's what the law was, but that law is contrary to the federal constitution now under Hall. And you say, I couldn't have brought my takings claim because the Michigan law was against me. Well, no, you could have brought it, you should have brought it, and you should have appealed it rather than just accept whatever the Michigan as to the federal constitutional right. This goes to an argument that I think the court should also consider. The case of Harrison v. Montgomery. The case is different in that the... bring a takings claim so that there was no opportunity for raised judicata. I don't think anyone would disagree that there is a concerning problem for your client, that she did not receive the equity value that Hall v. Meissner has said is a right of a plaintiff. But the struggle here, and what I would like you to tell me is how can we, what is your best argument for why raised judicata doesn't apply to the claim you brought, which included this equity interest and was untimely appealed and decided for lack of merit on the grounds presented. I'm struggling to see how that's not a merits determination, there was not an appeal of it, so how do we, how are you not caught in the unpublished Hall's case determination that raised judicata would apply? Well, for several reasons. First of all, when she was contesting, if you contested judgmental foreclosure, where there's, and in Michigan, that's a preliminary stop, which causes a taking. At that point, she wanted her house back. Then these other claims, which we seek to reopen the case, have to do with the actual, as you say, the Fifth Amendment taking violation. But when she brought her case in Michigan, it's true, she did bring a case in Michigan, but a dismissal when the court doesn't have subject matter jurisdiction is not a dismissal under Michigan or federal law, that is a binding for raised judicata. That was not the decision of the Court of Appeals. The Court of Appeals that took it up found that it was on the merits. The Michigan Court of Appeals? Yes. Try to... Well, Dee, anything... I want you to answer Judge Strachan's question, but you've been out of time for some time now, so please try to answer succinctly, and then you'll have your rebuttal time later. I understand. Thank you. The issue, when a judge dismisses a case for lack of subject jurisdiction or standing, anything else that's said in that case is dicta. And even this Court has said that in another tax case, Freed v. Thomas. So whatever happened in the Michigan proceedings were not decided on the merits. There was no claim under any Michigan law at the time for anything except procedural due process. They totally would not consider that. Judge Maloney, when he received Wayside case back in 2017, he pointed out that there was no remedy in Michigan, and there was a total bar, as in Montgomery, for getting federal jurisdiction. There was definitely a preclusion trip. You couldn't sue in federal court because it was pre-nix and pre-Freed. Because of the Anti-Tax Injunction Act, there was no federal jurisdiction, and because of Williamston, they would say you would have had to pursue all your remedies in Michigan. At one point, this Court mistakenly thought there were remedies in Michigan, but there were no remedies in Michigan. In fact, there were no real remedies in Michigan for a takings claim until three business days ago. I think we're done with that. You'll have your rebuttal time, Mr. Smith. Okay, thank you. All right, we've got several folks arguing on behalf of the defendant at police. I guess Mr. Fleming is to go first. Good morning, Your Honor. John Fleming on behalf of the Oakland County Police. Your Honors, the District Court did not abuse its discretion because plaintiff's claim for an unconstitutional taking was raised and fully litigated on the merits back in 2018. In 2017, as of March 31st of that year, the foreclosure was final. Plaintiff's amended complaint in state court that raised an unconstitutional taking claim was filed nearly one year later in February of 2018. Your client is the one, is the entity that benefited from the sale of her property, Ms. Rose's property, correct? My client received only what it was owed in unpaid taxes, fees, and interest when it was claimed by the city of Southfield. But you were the one, your entity transferred it to the city of Southfield, correct? Correct. Under the GPTA, once the city made its determination... So it's putting aside race judicata and whether the plaintiff did what she was supposed to do when she was supposed to do it. It seems to me a little hard for a governmental entity to continue to insist on the virtue of its action in view of our court's recent ruling that what happened constitutes a violation of the United States Constitution. The whole decision, it says what it says, Your Honor. But the reality and the issue before the court in this case is whether or not the government has a compelling interest in the finality of its own judgments under race judicata. And in the unpublished... And so the argument would be that the finality of the judgments is a policy that trumps the policy of making sure that individuals receive the rights that are guaranteed to them under the federal constitution. Is that pretty much it, right? This court has held under the Blue Diamond Coal case, and the United States Supreme Court has held under federated department stores, both cases we cited in our brief, that even changes in decisional law, changes in decisional constitutional law, do not warrant relief from prior judgments that are finally unappealed. Unless there are exceptional circumstances. Rule 60b-6 has a gateway availability, doesn't it? And these exact arguments, Your Honor, were raised as for the whole plaintiffs that were found to be barred from relief because of race judicata principles in the unpublished opinion that you referenced earlier. These exact same arguments were asserted in that case, and each of them had final judgments on the merits in state court that were unappealed. And all of the arguments that Mr. Smith has raised today was raised before that court, and they were rejected. Does this plaintiff have an administrative claim? An administrative claim through whom? Yes. My understanding was that there was both a class action and, pursuant to the GPTA, an administrative provision was created that would authorize people who had been caught in this web of losing their equity principle that Hall v. Meissner says is, I think, a historic right in equity for 200 to 300 years. And my understanding is that the changes in the Act said you can come through the county because it's the county that Hall addresses, not the subsidiary downstream people who got the property. It's the county who foreclosed. That's the taking clause. So my understanding was that the Act itself created an administrative provision and my understanding is that there was a class action through which individuals could also petition and obtain their equity interest that had been withheld from them by the government and by the transfer of the property. So I'm asking you, is that not available to this plaintiff? The provisions of the amended GPTA apply prospectively moving forward that would entitle individuals who are foreclosed whose properties are later claimed by the municipality to petition for monetary relief as the amended GPTA provides for individuals whose property goes to tax foreclosure auction to petition for the surplus proceeds. There was an amendment to the statute made in December 2020 that will allow for the individuals foreclosed moving forward to petition for that relief. So the people who were foreclosed in exactly the same method and lost their historic equitable right to their equity interest in their property, it's your position that they have no remedies? It's my position that this plaintiff does not have any remedies because she is barred by res judicata principles because she has a final judgment on the merits that was unappealed. Why is this not an exceptional circumstance? Because there has been no allegation other than the change in decisional law that this is somehow different in the state's interest in the finality of its own judgment to somehow be set aside in this case. This is the exact same argument that was set forth in Hall and when this court said the three plaintiffs that had res judicata issues in Hall were barred by res judicata principles, the same exact concept applies here. And the case law from this circuit is absolutely clear that changes in decisional constitutional law do not warrant relief from prior judgments. All right. Thank you. Thank you. Mr. Knobloch, is that correct? On behalf of the city of Saffield. Good morning, your honors, and may it please the court. Michael Knobloch on behalf of the city of Saffield. The Hall case we've been discussing is published and binding on this court. In that case, the court found, importantly, that there is no liability for a subsequent purchaser of tax-for-closed properties like the city of Saffield in this case. In that separate opinion addressing res judicata, the court stated the relevant action of the city of Saffield and the SNRI came after the county took absolute title to plaintiff's homes. What about the amended act? Section 211.78M of the GPTA was amended to require cities like Saffield to pay the greater of the minimum bid or the fair market value of the property. Why doesn't that support this claim? Your honor, because it applies prospectively. It does not apply retroactively because it changes the duties of the parties. I understood that there were some questions about retroactivity. Has there never been any finding or any case that discussed the retroactivity or are you relying only on the wording of the statute to claim that it is prospective only? There is no case on point with that, your honor. Your honor, there is a case currently pending in Michigan's appellate courts, Jackson v. SNRI, that is raising that specific question. So if in fact that goes against the cities, then would Ms. Rose have a claim against the city? No, your honor, because under the newly amended GPTA, specifically 78 subsection T, you have to look at who is responsible for paying these either excess proceeds or equity. And the statute is clear that the person responsible for paying that is, again, the county. The city is not responsible under the new statute, whether it applies retroactively or prospectively. Is that true if the city took that property and itself sold it for a considerable increase in value and retained those proceeds? No, your honor, because then we get back to the Hall case. And the Hall case is clear that once that title is taken from plaintiffs, that is the event that causes their injuries. Any actions taken by the city after that has no effect on their legal rights. And that is what the court specifically held in Hall. And what is the case that you earlier referred me to that you said challenged that issue? As far as the retroactivity of 78M, that would have been Jackson v. Southfield Neighborhood Revitalization Initiative. And it is currently pending in the Michigan Court of Appeals. So that might have some information that would be applicable to this client? It may have some information, but, again, your honor, it is going to say the same thing that I just told the court. Whether or not it is prospective or retroactive, we still get back to the issue of who pays the funds then. Under the statute, the county pays those funds. So still there would be no claim for any kind of funds from the city of Southfield in this matter. Counsel, you are relying in part on the Hall case. Are you relying on the published portion or the unpublished portion? I am relying on both, your honor. The unpublished is not precedentially binding on us, is it? The unpublished is not binding. So we don't necessarily have to follow it? Not necessarily, but the published one is. And in the published one, the Hall court looked at the event which gave rise to the plaintiff's claims. And then looking at Nick, they said, you know, the act of the taking is the event which caused it. So that event of the county taking that absolute title to the plaintiff's homes, before that they held that there was this equitable title for this equity in the property. Before the foreclosure, the plaintiffs held that equitable title. When the foreclosure occurred, title vests absolutely in the treasurer. That's when that equitable title is taken. That's the event that gives rise to these injuries, not any subsequent actions. The unpublished decision just merely reiterated that and gave a little more, I guess, reasoning behind that idea in saying that the action that caused the injury giving rise to the suit and what happened afterward had no effect on the plaintiff's legal rights. And the same is true here because we're talking about the same set of facts. Plaintiff is claiming constitutional injury from the taking of her equity through the foreclosure process and it's the same process here. The county foreclosed, took that absolute title, as in Hall, that equitable title was then taken by the county and that's when the injury occurred and anything that the city did afterward as far as exercising its right of first refusal and transferring it to SNRI had no effect on the legal rights of the plaintiff. For a dollar? I'm sorry, Your Honor? That's correct. The equitable rights were transferred for a dollar to the city, right? Correct. Or was that from the city to the non-profit? That is correct, Your Honor. The city exercised its right of first refusal, got the property for the delinquent tax price, then deeded the property to SNRI for a dollar. That is correct. Now, I'm sorry, go ahead. I think your time is up. Thank you very much. Mr. Nichols. Good morning, Your Honors. Matthew Nichols for the Southfield Neighborhood Revitalization Initiative, who I will refer to as the SNRI or the NRI to save some time here. May it please the Court. As to the SNRI, the order denying plaintiff's motion to reopen should be affirmed. Your client is the one then who took the property for a dollar, is that correct? Well, we didn't take the property. So the county foreclosed. The city exercised its right of first refusal under MCL 211.78M1, which at the time of the facts of this case, the county was obligated to first offer these taxes. Well, I understand the law. I'm asking you how it got to your client, at what amount, and then my understanding is that some of those properties are auctioned off. Is that correct? And the money then comes to the non-profit. I would say they're auctioned off. The SNRI acquires title from the city, at which point, depending on a variety of facts, which are completely different for each individual property, the program operates as it does extensive rehab of these properties, and that's everything from environmental rehab. Do you do the rehab yourself, or do you sell some of the properties and require that they be rehabbed by the purchaser? No, the rehab is done by the SNRI with outside contractors. What happened to this particular property? Well, with respect to this particular property, I believe Ms. Rose is still in possession. She's still paying some sort of fee to be allowed to remain in the house. Oh, right. SNRI filed the summary proceedings in state court to obtain possession. Before that case could be heard, the plaintiff had initiated her lawsuit in the state court. So that summary proceedings case was stayed. She's paying a monthly sum to the state district court's escrow order while she maintains possession. I think what's interesting here with the discussion about the Jackson case that's also pending in the Michigan Court of Appeals, that case has a specific impact on this case. The plaintiffs in the Jackson case, like the plaintiff here, both started out in state court. They both filed claims asserting takings without just compensation, due process claims. I think Ms. Rose filed an Eighth Amendment claim, unjust enrichment, and other state and common law claims. Both cases were dismissed on the merits in trial court. Both cases appealed to the Michigan Court of Appeals, and that's where the two cases diverge. From that point, Ms. Rose did not appeal to the Supreme Court, but the Jackson plaintiffs did. And the Jackson plaintiffs, the Michigan Supreme Court, reversed and remanded that case back to the trial court. Had the plaintiff, Ms. Rose, in this case done that same thing, she may have had a different fate than the fate here. But instead, she filed in federal court asserting the same claims that she asserted in state court, which were dismissed on the merits and affirmed on appeal. And although SNRI was not named to the state court proceeding, I think it's quite clear that they are in privity with the Oakland County Treasurer, who was the named defendant in that case, especially given that disputes and interests... So how is Jackson going to... This is an explanation of the procedural differences in the cases, but it doesn't tell us how a decision in Jackson will necessarily impact this case. Well, no, I think it's a race judicata issue. And that's what I'm trying to explain here. I don't know that we need the Michigan Court of Appeals to tell us whether there is one or not. I mean, I thought I understood you to say that the Michigan Court of Appeals opinion was going to affect this case. It seems like that's not too likely. No. No, Your Honor. Okay. Why isn't this a manifest injustice as the exception to race judicata? Even if we look through Rule 60b-6, you've got the exceptional circumstances. And why, for someone who had a $217,000 equitable interest in a home, why isn't it a manifest injustice for that to be taken away? Well, Your Honor, on that point, I would go right to the Hall opinion, which these same issues and claims have been litigated in that companion case. That opinion, which is published, found that there is no liability as to the subsequent transferees or purchasers of tax-workloads property as relates to a takings claim. And in the Tawanda Hall case and the Dell Johnson case, there were many other claims raised in those filings in addition to takings. They raised unjust enrichment. I think one was a RICO, a civil RICO violation, a civil conspiracy. The opinion from Hall affirmed the district court's dismissal of all of those claims. The only claim that, of course, has been altered is Count 1, which is the unconstitutional takings claim. But as this court has said in the Hall opinion, that does not apply to SNRI. I see that my time's up. If the court has any further questions, I'd be happy to address. I think we have none. Thank you, Your Honors. A few points. In the unpublished case, except for one plaintiff who the prior panel decided didn't have standing, there was a state case, a civil rights case, a separate case that was adjudicated on the merits. We don't intend to contest that conclusion because they brought a separate case misfounded. And I wasn't the counsel on any of these prior cases, so I'm just working with what I have. So that's a different thing. No one's trying to undermine the principle of federalism and the statute that you have to have respect for state judgment. This is truly different circumstances as Judge Maloney saw it in Wayside. The opinion that Judge Jarboe wrote clearly was dealing with the judgment for closure. The claim in that case was under the Michigan Constitution, which the hall panel said the district court on remand should not rule on that, that Michigan should rule on that. So is it your position that the resolution of the Jackson case ultimately may impact or give rights to your client? The Jackson case may have an impact. First of all, what they don't tell you is the Jackson case was remanded because of the Raffaelli case, which would be a big problem, except there's a new statute that cures all these unconstitutional takings. So these things in general could not happen anymore. So we're talking about people who were wrong basically over the last 10 years. And so Judge Jarboe was very clear that under Michigan law at the time, you had two moves. You could contest the judgment of foreclosure. Remember when the judgment of foreclosure had, under this strict foreclosure regimen, draconian thing, no one knew if their house was going to get auctioned or sent to another state entity. When you refer to Judge Jarboe, you're referring to her opinion in the state court prior to the time she was a federal district judge, correct? I'm sorry, I didn't catch that. You're referring to Judge Jarboe's opinion in the state court, correct? Yes, correct. All right, now how is that going to, we're reviewing the federal district court's decision. So where does, where is this getting us? Well, because their main argument, and I think their sole enduring argument, why this case shouldn't be reopened because the law has changed and because it's exceptionally unfair, as Judge Keislich has been saying for the last five years, and Judge Maloney said, and arguably there was another class, there's a class that she could be part of, is their sole basis is this state court case, which was treated as basically just a motion to set aside the foreclosure judgment, when back in 2017 there was no way that it could affect federal jurisdiction. It was only a due process argument and only about if there was some mistake in the foreclosure decision. Mr. Smith, you were the attorney in the state court case, were you not? No. No, you were not. Okay. But I've looked at the case. You would agree, as in Hall, that the federal constitutional issue could have been raised in the state court action? Well, as Judge's son says. Federal constitutional claims can be raised in state court, can they not? They can, but it had no realistic chance of going anywhere. Yes, it did. If you went all the way up to the Michigan Supreme Court and Raphael, well, that was under the Michigan state constitution, but obviously that's a parallel provision with the federal constitution. The fact that the law is against you at the time doesn't mean you cannot challenge the law. Otherwise, the law would be static forever. And your argument, I couldn't raise this because the law was against me. That doesn't make any sense. That's how the law changes, right? Well, but that's the purpose of Rule 60B, when it changes and there's an exception. Well, somebody has to change the law, and to change it you have to challenge it, right? Well, you can challenge it, but if the judge says that they have no standing to challenge it, then you're nowhere. I mean, we're talking in circles. There are a lot of judges that make erroneous decisions, and that's kind of what we're here to correct them about. You're out of time, and I have no further questions. One last point. One last point. At the time, there was no way to get federal jurisdiction. We're done. Okay. We thank you all for your arguments. We'll consider the case carefully. Thank you. Thank you, Your Honors.